### CHARLES AVARA *v.* THE STATE.

ARRAIGNMENT AND PLEA.—A conviction must be set aside in a capital case when the record shows neither an arraignment of the accused nor a plea of not guilty. In such a case, arraignment and plea cannot be considered as waived, nor their omission as cured, by any other proceedings had upon the trial.

APPEAL from the Criminal Court of the city of Marshall, Harrison county. Tried below before the Hon. J. L. CAMP.

The deceased was a child of four or five years of age, and, according to a witness for the accused, was his child. The child died on a night early in July, 1875, a few hours after the defendant had given him a severe whipping or beating. Some nineteen days after the death of the child, its body

was exhumed and a *post-mortem* examination made by a physician, who testified to finding bruises and injuries on the body, which were inflicted during life, and were adequate to cause death. Other physicians were of opinion that an examination made so long after death could not with certainty determine whether injuries were inflicted during life or not.

*W. H. Pope*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J.    The appellant in this case was indicted in the criminal court of the city of Marshall, at the October term, A. D. 1875, for the murder of one Henry, whose surname was to the grand jury unknown. He was tried and convicted of murder in the second degree, with his punishment affixed at thirty-two years' confinement to hard labor in the state penitentiary.

The judgment will have to be reversed because the record does not show that defendant was either arraigned or that he pleaded to the indictment. In a capital case, when the record fails to show that the accused was arraigned or that he pleaded not guilty, the conviction will be set aside. Want of arraignment and plea both cannot be considered as waived or cured by any proceedings had upon the trial. *Early* v. *The State*, 1 Texas Ct. of App. 248 ; *Smith* v. *The State*, 1 Texas Ct. of App. 408 ; and several other cases decided by this court since that term, in which the rule thus laid down is sustained and reaffirmed.

The judgment of the lower court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*